447 F.2d 1351
 FRONTIER AIRLINES, INC., Plaintiff-Appellee-Cross-Appellant,
v.
SKY CHEFS, INC., Defendant-Appellant-Cross-Appellee.
No. 71-1809 Summary Calendar.*
*(1) Rule 18, 5 Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Sept. 2, 1971.
 
 L. W. Anderson, Dallas, Tex., for appellant.
 H. Dudley Chambers, Jack Pew, Jr., Dallas, Tex., Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for appellee.
 Before COLEMAN, SIMPSON and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 At approximately 7:30 P.M. on October 19, 1968, a ground collision occurred at Love Field, Dallas, Texas, between a Convair 600 aircraft owned by the plaintiff-appellee-cross-appellant, Frontier Airlines, Inc. (Frontier), and a truck owned by the defendant-appellant-cross-appellee, Sky Chefs, Inc., (Sky Chefs). As a result of this accident, the distal eight to ten feet of the aircraft's left wing was completely sheared off. Frontier instituted this diversity action for recovery of the cost of repairing its aircraft.
 
 
 2
 Frontier's complaint alleged that the operator of Sky Chefs' truck, James T. Phillips, was negligent in the operation of a truck owned by Sky Chefs in the scope of his employment and that such negligence was the proximate cause of the collision and resultant damage to Frontier's Convair 600. Frontier asserted that Phillips was negligent in the following particulars: (1) he failed to keep a proper lookout; (2) he drove at an excessive speed under the existing circumstances; (3) he failed to make timely application of his brakes; (4) he failed to turn his vehicle to the left in order to avoid striking Frontier's aircraft; and (5) he failed to yield the right-of-way to Frontier's aircraft as required by the field rules promulgated by the City of Dallas in effect at Love Field at the time of the collision.
 
 
 3
 Sky Chefs' answers denied Frontier's charges of negligence and affirmatively pled Frontier's contributory negligence in the following respects: (1) the driver of the tug pushing Frontier's airplane at the time of the accident allowed the left wing of the plane to protrude approximately fifteen feet over the roadway which Sky Chefs' truck was properly using; (2) the aircraft's navigation lights were not in operation in violation of the applicable field rules for Love Field; (3) Frontier failed to have a watchman or guide on duty to prevent the aircraft's wing from extending over the roadway; (4) Frontier failed to have a watchman or guide on duty to direct traffic around the aircraft; and (5) Frontier failed to give proper instructions to the tug operator with reference to the manner and means of pushing an aircraft so as to prevent the wing from protruding into the roadway.
 
 
 4
 Trial was before a jury. In response to special interrogatories, the jury specifically found that the driver of Sky Chefs' truck was negligent in that he failed to keep a proper lookout and failed to yield the right-of-way to Frontier's aircraft, that such negligence was a proximate cause of the collision, and that Frontier was not guilty of contributory negligence. Prior to trial it had been stipulated by the parties that plaintiff sustained damages resulting from the collision, in the amount of $51,769.92, so that it was not necessary for Frontier to offer proof as to amount of damages.
 
 
 5
 Sky Chefs moved for judgment notwithstanding the verdict on the basis that the jury's findings were without evidentiary foundation. The trial court denied the motion and entered judgment for Frontier in the amount of $51,769.92, plus interest from the date of judgment at the rate of six percent per annum. Sky Chef's motion for new trial was denied and this appeal timely followed. Frontier cross-appealed asserting that interest should accrue from the date of the collision rather than the date of judgment.
 
 
 6
 This appeal is centered in an attack on the jury findings and upon the trial court's submission to the jury of the factual issues raised. We find no merit in the appeal. From a careful review of the evidence we discover no demonstrated error in the submission to the jury of the issues of negligence and contributory negligence or in the manner of their submission. Both the motion for judgment n.o.v. and the motion for new trial were properly denied.[1] See Boeing Company v. Shipman, 5 Cir.1969, 411 F.2d 365.
 
 
 7
 With respect to Frontier's cross-appeal, it appears to us in this diversity case that the Texas jurisprudence entitles Frontier to recover interest from the date of the collision until the date of satisfaction of its claim. Pre-judgment interest was proper as a matter of law because the amount of damages was complete at a definite time, the time of collision, and was determined prior to trial by stipulation. Cage Brothers v. McCormick, Tex.Civ.App., San Antonio, 1961, 344 S.W.2d 203, 207, writ refused n.r.e.
 
 
 8
 Affirmed in part; reversed in part; remanded with directions to enter judgment for Frontier in the amount of $51,769.92, with interest[2] thereon from the date of the collision.
 
 
 
 [1]
 Actually, the attack upon the sufficiency of the plaintiff's evidence, raised only by motion for directed verdict at the close of the plaintiff's case, was waived. Defendant offered defensive evidence after denial of the motion and failed to renew it at the close of all the evidence. Travelers Ins. Co. v. Stanley, 5 Cir. 1958, 252 F.2d 115, 2B, Barron & Holtzoff (2d Ed. 1961), Federal Practice and Procedure, Sec. 1074. In any event the evidence clearly supports the verdict
 
 
 [2]
 The parties appear agreed that six percent per year is the proper rate